UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CAUSE NO: 2:21-cv-222

| | |
|---|---|
| JOHN HARTMAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v | ) |
| | ) |
| PROCESS DEVELOPMENT | ) |
| AND FABRICATING | ) |
| | ) |
| | ) |
| Defendant. | |

## COMPLAINT

Plaintiff, John Hartman, by counsel, hereby brings a complaint against Defendant, Process Development and Fabricating, and in support thereof states:

## PARTIES AND JURISDICTION

1. Plaintiff is a former employee of Defendant who resides at 2975 S. Co. Rd. 225 E., Danville, IN 46122 and is a resident of Hendricks County Indiana.

2. Defendant Process Development and Fabricating is a business located 10102 N Murphy Rd, Brazil, IN 47834, in Clay County Indiana.

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. 1331, as Plaintiff presents claims under the Age Discrimination in Employment Act, as codified, 29 U.S.C. § 621, et. seq.

4. On February 24, 2021, Plaintiff timely filed an EEOC Charge No. 470-2021-1482 and more than 60 days have elapsed since that filing. Therefore, Plaintiff has exhausted all administrative remedies.

1

## BACKGROUND

5. Plaintiff is 68 years old and began working at Process Development and Fabricating ("PDF") in Brazil, Indiana in 2008 as an inside salesperson.

6. PDF fabricates steel components and employs 150 or more employees.

7. The President and Owner of PDF is Kenny Maurer, who is in his 60's. Plaintiff reported to Jason James, who is in his early 40's.

8. Plaintiff brought many excellent customers to PDF, including Kroger's, Equipment Technology, Walmart, and Wabash National.

9. In the last few years, Kenny Maurer began to constantly make jokes about Plaintiff's age, especially at Friday morning meetings, which were attended by all salaried employees.

10. Kenny Maurer would comment in front of the group that Plaintiff might "get lost while driving" because Plaintiff is a senior, and that "they might have to send out a Silver Alert" to find Plaintiff.

11. Other employees frequently commented to Plaintiff that "man Kenny was really on you about your age."

12. Jason James also said to Plaintiff that Plaintiff might get lost on the road because of his age.

13. In 2020, the company held a meeting for employees who wanted to participate in the 401 (k) program. At that meeting, Jason Maurer, the owner's son who was also in management, said: "John, what are you doing here? I thought you were retiring."

14. On January 11, 2021, Plaintiff was called into Kenny Maurer's office for a meeting with Mr. Maurer and the human resources person, Melissa Harpham. Mr. Maurer said: "I am going to force you into retiring, we are letting you go. We have gotten you to retirement

age and I am going to tell the other employees that you have decided to retire." Mr. Maurer also said that "we think you are already drawing social security and that will affect how much you receive in unemployment."

15. Mr. Maurer then stated several reasons for the termination, none of which were true. Mr. Maurer said he had warned Plaintiff several times about not bringing in contract business, which is patently false as PDF had done this business for many years. Mr. Maurer had never warned Plaintiff about this.

16. Mr. Maurer said that Plaintiff "comes and goes as you please and treat the job like it is a country club," and that Plaintiff had been warned several times about this. This statement is also untrue. Plaintiff did not come and go as he pleased. Plaintiff always told Doug Lutes and the receptionist know when he was leaving early or coming in later in the day. Plaintiff also used the "in/out" box to let the office know if Plaintiff was in or out of the office. Only about 10 of the 40 employees on that board used that communication device.

17. Plaintiff contends that Mr. Maurer's criticisms in this regard were wrong and discriminatory. Other, younger employees were often out of the office much more than Plaintiff, and those employees did not communicate their whereabouts as well as Plaintiff did. Also, Plaintiff had never been disciplined for being out of the office or failing to communicate. The first time Plaintiff was informed that this was a problem was at the termination meeting.

18. The HR person, Melissa Harpham then handed Plaintiff a document, asked Plaintiff to mark it up with agree or disagree and sign it. Plaintiff asked if he could keep a copy and was told he could not. Plaintiff insisted that he be allowed to read the document first and so Ms. Harpham and Plaintiff went back to his office so that he could read the document. In

Plaintiff's office, Ms. Harpham said, "I wish this document could have been worded a little differently."

19. Plaintiff turned in his gas card, credit card and they picked up his company vehicle.

20. Plaintiff was replaced by a man who is twelve years younger.

21. On, January 29, 2021, Plaintiff called the PDF HR person, Melissa Harpham, regarding his unemployment. Ms. Harpham asked how Plaintiff was doing. Plaintiff said he is just trying to figure what he is going to do, and that he was not ready to retire. She seemed to be surprised about that. She said, "Well I am looking forward to retiring. I am not going to be as old as you are when I retire." Plaintiff interpreted this to be an ageist statement.

22. Plaintiff was terminated due to his age.

## COUNT I AGE DISRIMINATION IN EMPLOYMENT ACT

23. Plaintiff incorporates all prior paragraphs.

24. Defendant has discriminated against, harassed and terminated Plaintiff due to Plaintiff's age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et. seq.

25. As a result of this discrimination and termination, Plaintiff has suffered lost back pay, front pay, benefits, mental anguish, liquidated damages, compensatory damages and other damages for which Defendant is liable.

26. Plaintiff is entitled to attorney fees and costs of litigation.

27. Defendant's conduct has been willful, and Plaintiff seeks liquidated damages.

## JURY DEMAND

Plaintiff seeks a jury trial.

WHEREFORE, Plaintiff, John Hartman, seeks a money judgment Defendant, Process Development and Fabricating for backpay, front pay, liquidated damages, punitive damages, attorney fees, costs, interest, and all other proper relief.

Respectfully submitted,
*/s/ Mark Waterfill*
Mark R. Waterfill, Atty. No. 10935-49
2230 Stafford Rd. STE 115, PMB 379
Plainfield IN 46168
 (317) 501-6060
 mark@waterfilllaw.com